Mr. Justice ThacheR
delivered the opinion of the court.
Appeal from the probate court of Wilkinson county.
At the October term, 1843, of the probate court, commissioners of insolvency were appointed upon the estate of Wright B. Orr, deceased. At the April term, 1844, commissioners were appointed to select and set apart one year’s provision to Martha N. Lewis, out of the stock of provisions or effects *526 of her deceased husband, the said Wright B. Orr. At the May term, following, the last mentioned commissioners reported, setting apart to said Martha N. Lewis, five 'hundred dollars out of the effects of her deceased husband’s estate. It also appears that this allowance of five hundred dollars to the widow, by some agency not apparent, was laid before the commissioners of insolvency, who declined to pass upon it on the score of want of jurisdiction over it; and that upon their report to that effect, it was referred by the court to referees, two of whom, at the August term, 1845, reported it a claim against the estate. To the report of these referees, the administrator of the estate of Wright B. Orr, excepted, but his exception having been overruled, hence this appeal.
By the act of 1839, H. & H. 421, sect. 123, upon the application of the widow for the purpose, commissioners must be appointed by a probate court, to select and set apart, out of the stock of provisions, or effects of any deceased person, one year’s provision for the widow and children. This statute entitles the widow and children of any decedent, to one year’s support out of the estate of the deceased father and husband. It is a donation by law, which may, if absolutely necessary, be estimated in money, and is not limited to be set apart from the stock of provisions or effects of which deceased died possessed. It is also a'privileged claim of the widow and children, and is not dependent upon the solvency of the decedent’s estate. H. & H. 414, sect. 100. And, it being a claim which must first be asserted by the widow, or by the children where there is no mother living, before it can be authorized by the court, and the time for asserting the claim, not having been limited by the statute to the year succeeding the decedent’s death, or to any particular time, it is a claim demandable at any period before the final settlement of the estate. H. & H. 421, sect. 123.
In the present case, an allowance of fire hundred dollars, was made by the commissioners to the widow. Whether this allowance was excessive or not, cannot now be the subject of inquiry, as no exception or appeal seems to have been taken to the report making the allowance, nor, indeed, is that point now *527 made a question. But the case presented here, is that of an administrator appealing from the decree of a probate court, overruling exceptions to the report of referees appointed upon the report of the commissioners of insolvency of a decedent’s estate, declining to take cognizance of a claim for a widow’s allowance for a year’s support. If, in point of fact, the original reference to the commissioners of insolvency was made by the widow of her claim, then, if she elected to treat her claim as upon a footing with ordinary claims against the estate of her deceased husband, perhaps she is bound by that reference and election, and consequently by the report of the referees establishing it as merely such a claim, from which she has taken no exceptions or appeal. On the other hand, if these proceedings were had in respect to her year’s allowance not at her instance, it is a decree to her prejudice without notice to her, and consequently void. But in no point of view, did the court err in overruling the exceptions taken by the administrator, for the decree is manifestly upon its face beneficial to the estate, if it can be ultimately sustained as between the parties in interest.
Decree affirmed.